IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VIVIAN NELL NICHOLS                                                                      PLAINTIFF

vs.                                      Civil No. 2:12-cv-02265

CAROLYN COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

On April 19, 2013, Defendant filed a Motion to Dismiss. ECF No. 14. With this Motion, Defendant seeks a dismissal based on Plaintiff's failure to prosecute her Complaint. *Id.* On February 12, 2013, Plaintiff had been ordered to file her appeal brief by March 28, 2013 and has failed to do so. Plaintiff did not respond or file objections to this motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this motion to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

On November 6, 2012, Plaintiff filed a Complaint appealing the Commissioner's final administrative decision dated November 12, 2010, denying her claim for a period of disability, disability insurance benefits, and for supplemental security income under Titles II and XVI of the Act. ECF No. 1. On February 7, 2013, Defendant filed her Answer to Plaintiff's Complaint and a Social Security Transcript of the administrative proceedings. ECF No. 13.

On February 12, 2013, this Court entered a Text Only Social Security Scheduling Order directing Plaintiff to file a brief within 30 days of the date of the filing of the transcript. The Order specifically stated Plaintiff's brief was due by March 28, 2013. The Order placed Plaintiff on notice

that "Plaintiff's failure to file a timely brief may result in dismissal for failure to prosecute."

Plaintiff has failed to respond to this Court Order, has not filed her appeal brief and has failed to respond to Defendant's Motion to Dismiss.

### 2. Discussion

The Federal Rules of Civil Procedure allow a defendant to move for dismissal of an action when the plaintiff fails to prosecute the action or fails to comply with an order of the court.  *See* Fed. R. Civ. P. 41(b).  On February 12, 2013, Plaintiff was ordered to file a brief by March 28, 2013.  The Order placed Plaintiff on notice that "Plaintiff's failure to file a timely brief may result in dismissal for failure to prosecute."  On April 19, 2013, Defendant filed a Motion to Dismiss based on Plaintiff's failure to prosecute her claim and her failure to comply with the Court's Text Only Social Security Scheduling Order entered February 12, 2013.  ECF No. 14.  As previously stated, Plaintiff has failed to respond to this Court Order, has not filed her appeal brief and has failed to respond to Defendant's Motion to Dismiss.

### 3. Conclusion

Based on the foregoing, it is therefore recommended that Defendant's Motion to Dismiss (ECF No. 14) be **GRANTED** and Plaintiff's case be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 9th day of May, 2012.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE